# In the United States Court of Federal Claims

No. 13-834C

(E-Filed: June 2, 2014)

|  |  |
|---|---|
| DONALD MARTIN, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | RCFC 15(a)(2), Amendment |
| v. ) | of Pleadings "when justice so |
| ) | requires" |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Heidi R. Burakiewicz, Washington, DC, for plaintiffs.

Sharon A. Snyder, Trial Attorney, with whom were Stuart F. Delery, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant.

ORDER

Plaintiffs filed a motion for leave to file their Second Amended Complaint. Pls.' Mot., May 8, 2014, ECF No. 29. The reasons offered for the requested leave were "to add the names of over 900 new plaintiffs wishing to opt in to the litigation, to delete the Back Pay Act claim asserted in the First Amended Complaint, and to add allegations about individuals who worked overtime during the period from October 1 through October 5, 2013." Id. at 2. Plaintiffs signaled their intent to withdraw the Back Pay Act claim in their response to defendant's pending motion to dismiss, stating therein: "Plaintiffs do not oppose the Government's motion to dismiss their claims under the Back Pay Act, and . . . will seek leave to file [a Second Amended Complaint] drop[ping] Count IV." See Pls.' Opp. at 4, Apr. 11, 2014, ECF 26.

Although plaintiffs do not address the Back Pay issue substantively in their response to the motion to dismiss, we infer from plaintiffs' subsequently filed request to withdraw the claim that either plaintiffs cannot support that claim or that no remedy would be available even if a violation of the Act had occurred. Defendant asserted in its

motion to dismiss, inter alia, that because plaintiffs have been paid for the work at issue, the only potential remedy available to plaintiffs under the Back Pay Act would be interest.  Def.'s Mot. at 35, Mar. 11, 2014, ECF No. 23.  But the Act does not authorize the payment of interest if a payment of owed back pay occurs within thirty days of an unwarranted denial of payment.  Id. (citing 5 U.S.C. § 5596(b)(2)(B)(i); 5 C.F.R. § 550.806(a)(2)).  There is no dispute that plaintiffs in the instant case were paid approximately two weeks after their scheduled paydays.  See Pls.' Opp. 2–3; Def.'s Mot. 4.  Thus, pursuit of a Back Pay Act claim on the facts of this case would appear futile.

Defendant opposes the filing of the Second Amended Complaint because: (1) defendant prefers a dismissal with prejudice of Count IV in lieu of plaintiffs' proposed amendment that simply omits the claim; and (2) the Second Amended Complaint seeks to add more than 900 opt-in plaintiffs, some of whom, defendant argues, would be ineligible for inclusion in the collective action if the court were to grant defendant's pending motion to dismiss Count III, Failure to Pay FLSA-Exempt Employees Overtime.  See Def.'s Opp., May 27, 2014, ECF No. 34.

Defendant contends that plaintiffs should be required to dismiss their Back Pay Act claim with prejudice so that plaintiffs "who will have had the opportunity in this proceeding to fully litigate the claim, will not have the opportunity at some time in the future to re-assert the claim in another case," creating potential inefficiencies.  Id. at 2.  As support for its argument that plaintiffs should be forced to dismiss their claim with prejudice, defendant cites to the court's observation in a recent ruling in the case of Kandel v. United States, No. 06-872, 2014 WL 1708444 (Fed. Cl. Apr. 30, 2014), that piecemeal litigation is generally disfavored.  See id. at *5.

In Kandel, the court declined to rule on dispositive issues of law pertinent to only a few plaintiffs in a class action on the ground that such a limited ruling would have been inefficient.  Id.  The instant motion presents in a wholly different context.  Here, plaintiffs request the withdrawal of a claim, instead of court action on a matter—as was sought in Kandel.  Thus, the court's discussion in Kandel of piecemeal litigation is inapposite in this circumstance.

The rules of this court provide that "[t]he court should freely give leave [to a party to amend its pleading] when justice so requires," RCFC 15(a)(2), and the Supreme Court has observed:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

2

amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

     Of the enumerated reasons for denying leave to amend a pleading, only prejudice is alleged by the government here.  Specifically, defendant contends that it might be subject to "potential prejudice in the future" if plaintiffs are permitted to amend their complaint "because it would require continued litigation of a claim that should have been resolved in this litigation."  Def.'s Opp. 2.  The court disagrees.  Plaintiffs have made no arguments in support of their Back Pay Act claim at this stage, and this litigation has progressed only to the court's consideration of a motion to dismiss.  The court will not force the litigation—nor the dismissal with prejudice—of an issue plaintiffs wish to withdraw from the lawsuit at this early stage.[1]

     Defendant's second point of opposition to the amended pleading is that the additional opt-in plaintiffs should not be added at this time because some may turn out to be dismissed from this action if the court grants the government's motion to dismiss FLSA-exempt plaintiffs.  The court has not yet ruled on the government's motion to dismiss, and defendant has not yet responded to plaintiffs' motion to certify the collective action.  Thus, it would be premature to exclude _potential_ opt-in plaintiffs at this stage on the basis that they _might_ not be able to continue as plaintiffs in the lawsuit.

     None of the concerns described by the Supreme Court in Foman are present here, and defendant's arguments are unavailing.  Plaintiffs' motion for leave to file their Second Amended Complaint is **GRANTED**.  The Second Amended Complaint is deemed filed as of today.

     IT IS SO ORDERED.

                                         s/ Patricia E. Campbell-Smith
                                         PATRICIA E. CAMPBELL-SMITH
                                         Chief Judge

---

[1] Any subsequent reversal in plaintiffs' current position on the issue would be appropriately and closely scrutinized.