# In the United States Court of Federal Claims

No. 13-834C
(E-Filed:  October 15, 2015)

**NOT FOR PUBLICATION**

| | |
|---|---|
| DONALD MARTIN, JR., et al., ) | Motion for Equitable Tolling; Fair |
| ) | Labor Standards Act (FLSA); |
| Plaintiffs, ) | Applicable Statute of Limitations; |
| ) | Commencement of Action for Opt-In |
| v. ) | Plaintiffs; Filing of Consent Forms; |
| ) | Delay in Issuance of Notice; Factual |
| THE UNITED STATES, ) | Circumstances Not Warranting |
| ) | Equitable Tolling |
| Defendant. ) | |
| ) | |

<u>Heidi R. Burakiewicz</u>, Washington, D.C., for plaintiffs.

<u>Joseph E. Ashman</u>, Trial Attorney, with whom were <u>Benjamin C. Mizer</u>, Principal
Deputy Assistant Attorney General; <u>Robert E. Kirschman, Jr.</u>, Director; and <u>Reginald
T. Blades, Jr.</u>, Assistant Director, Commercial Litigation Branch, Civil Division,
United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

Before the court is plaintiffs' motion for equitable tolling of the statute of
limitations for certain claims to be brought under the Fair Labor Standards Act
(FLSA), Pls.' Mot. 19–20, June 24, 2015, ECF No. 87-1, and the parties' responsive
briefing thereto, Def.'s Resp. 29, July 1, 2015, ECF No. 89; Pls.' Suppl. Br., Aug. 14,
2015, ECF No. 99; Def.'s Suppl. Resp., Aug. 21, 2015, ECF No. 100; Pls.' Reply,
Sept. 1, 2015, ECF No. 101.

Defendant sent approximately 300,000 current and former government
employees notice of this collective action in March and April 2015.  Defendant,
however, inadvertently omitted sending this notice to approximately 18,300
employees, but subsequently sent notice in August 2015.  Plaintiffs seek to equitably
toll—for approximately a five-month period—the statute of limitations for the claims
of those employees receiving the August notice.  Defendant opposes plaintiffs'
motion, arguing both that equitable tolling of the statute of limitations under the FLSA

is unavailable as a matter of law, and that even if it is, plaintiffs do not qualify as their injuries were not inherently unknowable at the time of accrual.

Having carefully considered the parties' briefing and this record, the court finds that it need not decide whether the limitations period for FLSA claims is subject to equitable tolling. Instead, the court assumes the availability of equitable tolling for the limited purpose of ruling on plaintiffs' motion, and finds that such tolling is not warranted in these circumstances. For the reasons more fully discussed below, plaintiffs' motion is **DENIED**.

I.      Background

For ease of reference, only those facts relevant to the issue of equitable tolling now before the court are recited below.

Plaintiffs are current and former government employees who allege they were not paid timely for the work they performed during the October 2013 government shutdown. Their claims were conditionally certified as a collective action on October 16, 2014. See Condit. Certif. Order, ECF No. 46. Between March and April 2015, defendant provided government-wide notice of this action (Spring 2015 Notice) to nearly 300,000 current and former government employees across 32 agencies and 123 agency components. Def.'s Resp. 10. To participate in the action, each potential collective action member was to submit to plaintiffs' counsel a signed consent form by June 29, 2015. See Order 2, ECF No. 67. Plaintiffs' counsel in turn was afforded until September 28, 2015 to file with the court all properly executed consent forms. See Order 1, ECF No. 73; Order, ECF No. 78; see also Condit. Certif. Order ¶¶ 10–11 (setting forth the agreed upon timeframes for establishing the opt-in date and the consent form filing date).

On June 12, 2015, the parties apprised the court that the notices had not been sent to a number of belatedly identified potential collective action members. See Order 1, ECF No. 83; Def.'s Mot. 2–4, ECF No. 86 (explaining that certain current and former employees were erroneously omitted from the lists prepared by four federal entities during the process of identifying potential collective action members). The parties agreed that notice should be sent to this group of current and former government employees who had not been identified as potential collective action members before defendant sent the Spring 2015 Notice regarding the pending action.

The parties, however, could not agree as to whether notice should also be resent to those current and former employees who were sent the Spring 2015 Notice initially but—for a number of reasons—allegedly failed to receive it.[1]  The parties filed cross-motions and responsive briefing regarding the scope and extent of additional notice required, see ECF Nos. 86, 87-1, 89–90, and on July 30, 2015, the court conducted a telephonic status conference with the parties to address the issues as briefed, see ECF Nos. 95–96.

After the status conference, the court directed defendant, by order dated July 31, 2015, to send notice only to those belatedly identified potential collective action members.[2]  See Order ¶ 1, ECF No. 96.  The court specifically directed defendant: (1) to complete the transmission of notice within ten days of the issuance of the court's order; and (2) to file a notice that it had done so.  Id. ¶ 2.  The court also granted the parties' joint request for a sixty-day opt-in period, and established October 9, 2015 as the revised opt-in date.  Id. ¶¶ 4–5.  In addition, the court granted plaintiffs' unopposed request to extend to January 7, 2016 the date for filing consent forms.  Id. ¶¶ 6–7.  The court deferred ruling on plaintiffs' equitable tolling request pending submission of further briefing by the parties.  See id. at 2.

---

[1]    Plaintiffs sought re-issuance of the Spring 2015 Notice, asserting that certain notices sent by email were rendered ineffective because the potential collective action members either were informed by agency management that the notices were a phishing scam, or were otherwise dissuaded from reading the notice due to the unfamiliarity of the sender.  See Pls.' Mot. 9–12.  Plaintiffs added that other potential collective action members might not have received the notice due to their agencies' aging email policies, in particular those policies directing the automatic deletion of email from employee inboxes within a certain number of days.  See id. at 11.

[2]    The court thus granted defendant's request to limit the sending of notices to the approximately 18,300 current and former government employees who were not identified as potential collective action members until after defendant sent the Spring 2015 Notice, see Tr. of Status Conf., July 30, 2015, ECF No. 97 (estimating the total number of belatedly identified potential collective action members as 18,300), and denied plaintiffs' corresponding request to resend the Spring 2015 Notice to all potential collective action members to whom that notice was sent initially, see Order 2, ECF No. 96.

The court, however, noted:

> Plaintiffs' FLSA claims accrued on various dates in October 2013.[3]
> Because neither the applicable limitations period (whether two or three
> years),[4] nor the issue of equitable tolling has been resolved yet, plaintiffs
> who file their consent forms after the pertinent dates this October may be
> time-barred.[5]  See 29 U.S.C. §§ 255(a), 256.

Id. at 2 n.1 (footnotes added).

---

[3]     As to claim accrual, the court explained in its July 2014 ruling that for
limitations purposes, plaintiffs' claims accrued when plaintiffs failed to receive—on
their regularly scheduled paydays—the pay earned for work performed during the
government shutdown of 2013.  See Martin v. United States, 117 Fed. Cl. 611, 617
(2014) ("Under the 'usual rule,' an FLSA claim accrues at the time of a missed regular
payday and, . . . a [FLSA] violation occurs at that same time.").  Here, plaintiffs'
claims accrued on various dates in mid-October 2013, because "depending on the
employee, the [regularly] [s]cheduled [p]ayday was Friday, October 11, 2013;
Tuesday, October 15, 2013; or Thursday, October 17, 2013."  Id. at 614 (citing 2d Am.
Compl. ¶ 21, June 2, 2014, ECF No. 29-1).

[4]     The applicable limitations period turns on whether the FLSA violations are
found to be "willful."  See Adams v. United States, 350 F.3d 1216, 1229 (Fed. Cir.
2003) ("The statute of limitations for FLSA violations is two years, 'except that a
cause of action arising out of a willful violation may be commenced within three years
after the cause of action accrued.'" (quoting 29 U.S.C. § 255(a))).  The court has yet to
rule on this issue.

[5]     When an action is "commenced" under the FLSA for statute of limitations
purposes differs for named plaintiffs and opt-in plaintiffs.  29 U.S.C. § 256.  For
named plaintiffs, an action is deemed to have commenced on the date the complaint is
filed, provided the plaintiff is specifically named in the complaint and the plaintiff's
written consent to become a party plaintiff is filed with the complaint.  29 U.S.C. §
256(a).  For opt-in plaintiffs, the mere submission of a signed consent form to
plaintiffs' counsel does not commence the action for limitations purposes; rather, the
action is "considered to be commenced" when that individual claimant's written
consent form is filed with the court.  29 U.S.C. § 256(b).  Thus, the claims of opt-in
plaintiffs whose written consent forms are filed with the court after the expiration of
the applicable limitations period are time-barred.

Since the issuance of the court's July 31, 2015 order, defendant sent notices to the belatedly identified potential collective action members in early August 2015, and has certified to the court that it has done so (August 2015 Notice).  See ECF No. 98 (representing that "[t]ransmission of additional notice was completed by August 7, 2015").

On September 28, 2015, plaintiffs filed over 20,000 written consent forms with the court, ECF Nos. 104–107, and thousands more on October 8, October 9, October 13, and October 15, 2015, ECF Nos. 110–124.

II.     Discussion

Plaintiffs ask the court to equitably toll the statute of limitations for the belatedly identified potential collective action members to whom defendant sent notice in August 2015 (August 2015 Notice Recipients).  See Pls.' Reply 7.  Plaintiffs request a five-month period of tolling, specifically from July 31, 2015, the date of the court's order directing defendant to send additional notices, until January 7, 2016, the date by which plaintiffs must file with the court copies of signed consent forms.  See id.

Assuming the availability of equitable tolling for the limited purpose of ruling on plaintiffs' pending motion,[6] plaintiffs have failed to demonstrate that equitable tolling is appropriate under the particular circumstances of this case.

While "[t]he question of whether equitable tolling is allowed under the FLSA has not been resolved by the Supreme Court or the Federal Circuit," Moreno v. United States, 82 Fed. Cl. 387, 400 (2008), the Supreme Court has instructed that equitable tolling is a remedy to be granted only "sparingly," Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990).

This court has recognized that equitable tolling of the FLSA statute of limitations may be justified in three limited circumstances.  A plaintiff seeking to benefit from the equitable tolling of the limitations period imposed by the FLSA must make a showing that:  (1) a defective pleading was filed during the statutory period; (2) plaintiff was induced or tricked by defendant's misconduct into allowing the filing deadline to pass; or (3) plaintiff's injury was "inherently unknowable."  Christofferson v. United States, 64 Fed. Cl. 316, 326 (2005) (citing, inter alia, Hickman v. United

---

[6]     Because, as explained earlier, plaintiffs have not shown that equitable tolling is warranted under the factual circumstances of this case, the court does not address whether the limitations period for FLSA claims is subject to equitable tolling as briefed by the parties.  See Pls.' Suppl. Br. 1–4; Def.'s Suppl. Resp. 1–4; Pls.' Reply 2–4.

States, 43 Fed. Cl. 424, 427 n.4 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000); Udvari v. United States, 28 Fed. Cl. 137, 139 (1993)).

Plaintiffs do not contend that a defective pleading was filed during the statutory period.  Nor do plaintiffs argue that their injury was "inherently unknowable."[7] Instead, it seems from the arguments most recently advanced in their reply brief that plaintiffs seek equitable tolling based on defendant's alleged "misconduct,"[8] as plaintiffs assert that the "[e]mployees to whom the [g]overnment did not send notice, as it was ordered to do, were induced into allowing a deadline to pass."  Pls.' Reply 2.

_____

[7]     In their supplemental briefing, plaintiffs appeared to argue for equitable tolling on the basis of defendant's alleged failure to provide notice to certain potential collective action members.  See, e.g., Pls.' Suppl. Br. 4 ("[E]quitable tolling is warranted to preserve the rights of potential opt-in plaintiffs who, through no fault of their own, have received no notice of their right to join an action."); id. at 5 (arguing for equitable tolling "regardless of whether the [g]overnment's failure to provide notice to all potential plaintiffs involved misconduct").  As it understood plaintiffs' argument, defendant focused its responsive briefing on whether the alleged injury to potential collective action members was "inherently unknowable" at the time their claims accrued.  See Def.'s Suppl. Resp. 4 ("[P]laintiffs appear to argue for equitable tolling on the basis of the third circumstance:  that the injury at issue in this case to potential collective action members receiving notice on the additional notice date of August 10, 2015, was 'inherently unknowable' until they received the notice of this action.").  Plaintiffs subsequently disclaimed any reliance on the "inherently unknowable" ground for its equitable tolling request.  See Pls.' Reply 4.

[8]     Although the scope of the equitable tolling requested by plaintiffs—as well as the ground on which plaintiffs seemingly based their request—shifted during the course of the briefing, plaintiffs now have clarified their position:

>       The [g]overnment mistakenly asserts that [p]laintiffs "appear to argue for equitable tolling on the basis of the third circumstance:  that the injury at issue in this case to potential collective action members receiving notice on the additional notice date of August 10, 2015, was 'inherently unknowable' until they received the notice of this action."  Plaintiffs instead contend that the persons to whom the [g]overnment did not send notice as ordered in March 2015 qualify under the second circumstance [in which courts have recognized equitable tolling] in that they have "been induced or tricked by [their] adversary's misconduct into allowing the deadline to pass."

Pls.' Reply 4–5 (quoting Def.'s Suppl. Resp. 4; Hickman, 43 Fed. Cl. at 427 n.4).

Plaintiffs assert that in sending the August 2015 Notice, "the [g]overnment violated—presumably negligently rather than intentionally—a [c]ourt [o]rder requiring it to send notice to all class members in March 2015." Id. at 5.  According to plaintiffs, "[v]iolating a [c]ourt [o]rder to provide notice is 'misconduct,' even if the violation is unintentional." Id. at 2.

Plaintiffs further assert that "[t]his misconduct may have induced persons who did not receive the March 2015 notice to miss the two-year statute of limitations filing deadline, which will arrive in October 2015." Id. at 5; see also id. at 6 (contending that "in arguing against tolling, the [g]overnment is again creating the risk that some of its employees may be induced to miss the statute of limitations deadline through no fault of their own").  Plaintiffs argue that defendant's actions, combined with the widespread media coverage of this case, may have misled additional notice recipients about their eligibility to participate in the lawsuit. Id. ("To the extent that [additional notice recipients] knew of this litigation, the fact that they did not receive a notice when other employees were receiving them would have indicated to them that they were not potential members of the collective action and had no rights to pursue.").

The court does not find plaintiffs' argument persuasive.  "Misconduct" in this context requires more than what plaintiffs have described.  Plaintiffs rely on a case from the Eastern District of New York, Semper v. N.Y. Methodist Hospital, 786 F. Supp. 2d 566, 578 (E.D.N.Y. 2011), for a list of Title VII cases in support of their assertion that "[t]he 'misconduct' that may trigger equitable tolling does not need to be intentional." Pls.' Reply 5.  The Semper court offered this list of cases—involving mailing or clerical errors committed by the Equal Employment Opportunity Commission—in furtherance of its finding that "[t]here is little to no support . . . for the proposition that equitable tolling excuses so-called lost-in-the-mail scenarios." 786 F. Supp. 2d at 578.  The Semper court did not characterize these cases in the manner that plaintiffs have.  Thus, plaintiffs improperly rely on these cases to support their equitable tolling request on the ground of misconduct.

Defendant here has not made affirmative misrepresentations regarding the limitations period or otherwise.  See, e.g., Irwin, 498 U.S. at 96 n.4 (citing two cases in which an "adversary's misrepresentation caused plaintiff to let [a] filing period lapse"—namely, Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231 (1959) and Holmberg v. Armbrecht, 327 U.S. 392 (1946)—as examples of a circumstance in which "the complainant has been induced or tricked by his adversary's misconduct

into allowing the filing deadline to pass");[9] see also Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (explaining that tolling may be appropriate, inter alia, "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction").

Nor have plaintiffs shown that defendant either engaged in secretive conduct or concealed its activity to prevent potential collective action members from filing their claims. See Abbey v. United States, 106 Fed. Cl. 254, 287 (2012) (finding that the government agency's internal compensation policies "are not the type of 'concealment or secretive conduct which [would have] prevented plaintiffs from becoming aware of the alleged injury'" under the FLSA (quoting Christofferson, 64 Fed. Cl. at 327)); see also Huggins v. United States, No. 95-285, 2005 WL 6112625, at *8–9 (Fed. Cl. Aug. 16, 2005) (finding that plaintiffs were not misled by repeated assertions by agency officials that they were properly classified under the FLSA and thus had "no redress" for their grievances).

Rather, the action of which plaintiffs complain—specifically, the delay in sending notice sent to the August 2015 Notice Recipients—occurred as a result of inadvertent omissions by defendant during the process of identifying potential

---

[9]      Of the two cases cited by the Irwin Court, most relevant to the circumstances presented here is the Glus case. The plaintiff in that case failed to timely file—within the three-year limitations period prescribed by the Federal Employers' Liability Act— an action to recover damages for an industrial disease allegedly contracted while in his defendant's employ. Irwin, 359 U.S. at 231. Plaintiff explained that he was induced to delay his filing by the affirmative misrepresentations of his employer's agents that he had seven years in which to file his claim. Id. at 231–32. Finding that the plaintiff's employer was estopped from asserting the statute of limitations as a defense and reversing the lower court's dismissal of the case as time-barred, the Supreme Court held that plaintiff was entitled to have his case tried on the merits if he could prove his allegation that his employer's agents "conducted themselves in such a way that [he] was justifiably misled into a good-faith belief that he could begin his action at any time within seven years after it had accrued." Id. at 235. In so holding, the Court discussed two other cases in which plaintiffs were allowed to proceed, although they did not file suit until after the applicable limitations period had expired; in each case, plaintiffs' adversaries had made affirmative misrepresentations about the limitations period. See id. at 233 (addressing Schroeder v. Young, 161 U.S. 334, 344 (1896), in which the debtor was "lulled into a false security" after relying on the purchaser's assurances that "that the statutory time to redeem [the property] would not be insisted upon"); id. at 233 n.9 (making reference to Graffam v. Burgess, 117 U.S. 180, 186–87 (1886), a case in which the purchaser purposefully prevented the debtor from realizing a foreclosure sale until the period to redeem the property had expired).

collective action members.  Plaintiffs themselves recognize that defendant's errors were committed "presumably negligently rather than intentionally."  Pls.' Reply 5. And once defendant identified those potential collective action members to whom the Spring 2015 Notice should have been sent—but was not—defendant promptly moved to send notice (specifically, the August 2015 Notice) to them.  The court does not find this delay in sending notice to constitute the type of "misconduct" warranting equitable tolling under the FLSA.

Even if defendant were assumed to have committed the type of "misconduct" contemplated to trigger the equitable tolling of the limitations period, plaintiffs have failed to show that the August 2015 Notice Recipients were "induced" or "tricked" into not pursuing their claims as a result of the delayed receipt of their notices.

Plaintiffs have offered no evidence to support their allegation that the "[e]mployees to whom the [g]overnment did not send notice, as it was ordered to do, were induced into allowing a deadline to pass."  Pls.' Reply 2; see also id. at 5 (also alleging that defendant's actions "may" have induced the August 2015 Notice Recipients to miss the two year statute of limitations deadline); id. at 6 (same). Plaintiffs have introduced no evidence demonstrating that the August 2015 Notice Recipients have been unable to timely join this lawsuit, or that defendant has acted in a way that has prevented them from doing so.

Plaintiffs have fallen short of making the affirmative showing that is required by the ground upon which they seek to invoke equitable tolling.

III.    Conclusion

The court is not persuaded by plaintiffs' allegation of "misconduct" by defendant, and finds that plaintiffs have not put forth any evidence to support their complaint that the August 2015 Notice Recipients have been "induced" or "tricked" into allowing the filing deadline to pass.  Plaintiffs have failed to make the showing required for any of the three circumstances in which this court has recognized that equitable tolling of the statute of limitations might be justified.  Accordingly, the motion for equitable tolling of the claims of the August 2015 Notice Recipients is **DENIED**.

IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge