# In the United States Court of Federal Claims

No. 13-834

(Filed: June 27, 2024)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DONALD MARTIN, JR., *et al.*,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    *Heidi R. Burakiewicz*, Washington, DC, for plaintiff. *Michael Lieder*, Washington, DC, and *Robert DePriest*, Washington, DC, of counsel.

    *Albert S. Iarossi*, Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Reginald T. Blades*, Assistant Director, for defendant.

## OPINION

BRUGGINK, *Judge*.

    This case is one of multiple collective action pay claims arising from two lapses in federal appropriations, one for 16 days in October 2013 and one for 35 days beginning in December 2018. These shutdowns affected a number of agencies, forcing hundreds of thousands of employees to cease work. Some employees continued to work through the shutdowns, however, because they were deemed "excepted employees" who work on "emergencies involving the safety of human life or the protection of property" by their employers. 31 U.S.C. §§ 1341(c)(2), 1342. The government may require this type of employee to "perform work during a covered lapse in appropriations." 31 U.S.C. § 1341(c)(2). The employees who were required to work through these lapses in appropriations were not

compensated for this work on their regularly scheduled paydays in the midst of the shutdowns, but rather were compensated after the shutdowns ended.

The 2013 shutdown originally resulted in two cases before this court,[1] and the 2018 shutdown originally resulted in thirteen.[2] The plaintiffs in these 15 cases all presented similar arguments before this court, namely that the government's failure to pay them on their regularly scheduled paydays during the shutdowns violated the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201–219. More specifically, plaintiffs argued that the federal government, like any employer who fails to timely pay its employees minimum or overtime wages, was liable for liquidated damages under the FLSA.

## BACKGROUND

In broad strokes, the original 15 cases arising from the 2013 and 2018 shutdowns followed a similar trajectory. In all cases, plaintiffs filed their complaints during or soon after their respective shutdown. The government filed a dispositive motion in all cases, all of which were denied by Judge Patricia Campbell-Smith. The government filed appeals regarding these denials. In all cases, the Federal Circuit reversed the denials and remanded to this court for the entry of judgment. Since returning to this court, nine of the 15 original cases have been voluntarily dismissed. Proceedings continue in two cases (*Baca v. United States*, No. 19-213 (Fed. Cl.) and *Rowe v. United States*, No. 19-67 (Fed. Cl.)) because it is undisputed that live issues remain there. We now consider motions to enter judgment in the four remaining cases: *Martin v. United States*, No. 13-834 (Fed. Cl.), *Tarovisky v. United States*, No. 19-4 (Fed. Cl.), *Arnold v. United States*, No. 19-59 (Fed. Cl.), and *D.P. v. United States*, No. 19-54 (Fed. Cl.). We use *Martin* to present our

---

[1] *Martin et al. v. United States*, No. 13-834 and *Marrs et al. v. United States*, No. 16-1297.

[2] *Tarovisky v. United States*, No. 19-4; *Avalos v. United States*, No. 19-48; *D.P. v. United States*, No. 19-54; *Arnold v. United States*, No. 19-59; *Hernandez v. United States*, No. 19-63; *Rowe v. United States*, No. 19-67; *Plaintiff No. 1 v. United States*, No. 19-94; *I.P. v. United States*, No. 19-95; *Anello v. United States*, No. 19-118; *Richmond v. United States*, No. 19 161; *Baca v. United States*, No. 19-213; *Jones v. United States*, No. 19 257C; and *Abrantes v. United States*, No. 19-129.

reasoning because its procedural history is the most complex and it comprehensively raises the arguments presented in all four cases.

Plaintiffs in this case filed their original complaint shortly after the end of the 2013 shutdown on October 24, 2013. The five original plaintiffs were employees of the United States Bureau of Prisons within the Department of Justice. It is undisputed that the complaint does not reference the availability to the agency of appropriated funds during the lapse—the original complaint merely alleges that employees were not paid on their regularly scheduled paydays for work performed during the shutdown. Three months later, plaintiffs amended their complaint to add additional opt-in plaintiffs, but they asserted no new claims.[3]

Defendant filed a motion to dismiss for failure to state a claim on March 11, 2014, arguing for various reasons that the government had not violated the FLSA—including the assertion that the Anti-Deficiency Act ("ADA"), 31 U.S.C. §§ 1341, 1342, 1349–1351, 1511–1519, shields the government from liability under these circumstances. The court agreed with plaintiffs and denied the motion regarding non-exempt excepted employees, reasoning that plaintiffs had stated a plausible claim by alleging that employees were not paid on their regularly scheduled paydays as required by the FLSA and that the ADA was no defense. *Martin v. United States*, 117 Fed. Cl. 611 (2014).

As the case moved into its pre-trial phase in December 2014, the parties engaged in a dispute regarding the potential plaintiffs to which notice of the lawsuit should be sent. While plaintiffs sought to send notice to civilian Department of Defense ("DOD") employees, defendant sought to exclude such employees because the government asserted that they had been paid during the shutdown pursuant to the Pay Our Military Act. Pub. L. No. 113-39, 127 Stat. 532 (2013). After plaintiffs revealed multiple DOD employees who had not been paid during the shutdown, defendant acquiesced in their inclusion on the list of potential plaintiffs to be noticed while reserving its right to argue against the government's liability to those potential plaintiffs under the FLSA and that liquidated damages would not be appropriate.

---

[3] The new opt-in plaintiffs worked at a variety of agencies, including the Social Security Administration, Department of Homeland Security, Department of Defense, Indian Health Service, and the Food and Drug Administration.

3

In December 2015, plaintiffs filed a second amended complaint, adding hundreds of new opt-in plaintiffs and removing a claim, but not adding "any new claims or legal theories for the Government to address." Pl.'s Mot. for Leave to File Second Am. Compl. 3, ECF No. 29. On April 21, 2016, at the conclusion of discovery, plaintiffs filed a motion for partial summary judgment on liability with respect to excepted, non-exempt employees. The government filed a cross-motion for summary judgment on May 20, 2016, arguing that the ADA's prohibition on federal officials making expenditures beyond the amount appropriated by Congress shielded the government from FLSA liability for not paying employees during an appropriations lapse.

Judge Campbell-Smith filed an opinion on February 13, 2017, granting plaintiffs' motion for partial summary judgment and denying defendant's motion for summary judgment. She opined that the ADA did not absolve the government of its obligation under the FLSA to timely pay its employees during a shutdown, but rather that the proper way to harmonize the ADA and FLSA was to "require that [the] defendant demonstrate a good faith belief, based on reasonable grounds, that its actions were appropriate" under 29 U.S.C. § 260. *Martin v. United States*, 130 Fed. Cl. 578, 584 (2017).

Proceedings in the case were then suspended while an expert worked to calculate damages pursuant to the court's opinion. On April 7, 2021, the court filed an order staying the case pending resolution on appeal of *Avalos v. United States*, No. 19-48 (Fed. Cl.) because that case dealt with substantially the same legal issue as this one—namely the intersection of the ADA and FLSA. In the meantime, the court entered a judgment in *Martin* under Rule of the United States Court of Federal Claims ("RCFC") 54(b) regarding 157 plaintiffs pursuant to the court's finding of government liability in its February 2017 opinion and order. The government then appealed the denial of its motion for summary judgment and the granting of plaintiffs' motion for partial summary judgment to the Federal Circuit.

Roughly parallel with its appeal in this case, the government also filed interlocutory appeals in the thirteen 2018 shutdown cases regarding denial of motions to dismiss in each of those cases. Those motions to dismiss encompassed nearly identical issues as the government's summary judgment motion in this case. The Federal Circuit consolidated the 15 cases into two groups—this case being the lead case for the two 2013 shutdown cases and *Avalos* being the lead case for the thirteen 2018 shutdown cases.

4

The Federal Circuit's opinion in *Avalos* rejected this court's reasoning in denying the government's motions to dismiss, holding instead that the government does not violate the FLSA when it complies with the ADA by not paying non-exempt, excepted employees during a lapse in appropriations so long as it timely pays those employees after the shutdown ends. The Federal Circuit applied the same reasoning to *Martin* on appeal, reversing this court's denial of defendant's motion for summary judgment and the granting of plaintiff's motion for partial summary judgment. The Federal Circuit then remanded the case for this court "to enter judgment consistent with [its] opinion." *Martin v. United States*, 54 F. 4th 1325, 1328 (Fed. Cir. 2022).

After returning to this court, nine of the original 15 cases were voluntarily dismissed. In two of the six remaining cases arising from the 2013 and 2018 lapses in appropriations (*Baca* and *Rowe*), defendant has conceded that live issues remain. Plaintiff-groups in those two cases alleged in their complaints that at least some plaintiffs worked for agencies that had funding available during the lapse in appropriations, raising an issue not decided by the Federal Circuit on appeal. The government has not, therefore, filed a motion for entry of judgment in those two cases.

We now consider the government's pending motion for entry of judgment pursuant to the mandate of the Court of Appeals in the remaining four cases. Again, the issue in the case at bar (*Martin*) is exemplary of all four. The government's argument in support of its motion is straightforward: only one issue was put forward in plaintiffs' pleadings and therefore only one issue existed at the time of appeal—whether the government is excused from violation of the FLSA in not paying employees during a lapse in appropriations when it does so in compliance with the ADA. Because the Federal Circuit decided this issue in the government's favor and remanded to us for the entry of judgment, defendant argues, we must enforce the mandate and dismiss the cases.

The plaintiffs in these four cases all raise substantially similar arguments in opposition to the government's motion. In broad terms, plaintiffs assert two defenses against dismissal. First, they contend that, prior to appeal, either they in fact had raised issues other than the one addressed by the Federal Circuit, or the government's conduct during or prior to appeal indicates that the government recognized that other issues remained. The second argument is that, even if other issues were not preserved through the

appeal, this court should allow plaintiffs to amend their complaints to add their new assertions.

Plaintiffs assert that there are potentially two substantive assertions preserved. One is that, as in the case of the *Baca* and *Rowe* litigants, the government agencies employing at least some of the employees they represent maintained funding during the shutdown. The ADA did not, they argue, prevent those agencies from paying employees. The second potential issue is that some employees worked for agencies which did not pay them at the first available opportunity after the appropriation lapse ended. Nonpayment of employees under either of these circumstances, plaintiffs argue, would constitute a violation of the FLSA despite the ADA and raise claims not foreclosed by the Federal Circuit on appeal. For reasons set out below, we reject plaintiffs' arguments.

## DISCUSSION

The question before us is whether the Federal Circuit's mandate compels us to enter judgment for the government. The deciding factor in answering this question is whether live issues exist in this case that are not covered by the Federal Circuit's mandate. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997).

It is beyond dispute that a lower court must execute the mandate issued by an appellate court. *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948). Further, an inferior court may not consider the questions which the mandate laid at rest. In other words, we are barred from reconsidering "issues implicitly or explicitly decided on appeal" in light of "both the letter and the spirit of the mandate." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1364 (Fed. Cir. 2008); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed.Cir.1999). We are also prohibited from entertaining "issues decided by the [trial] court but foregone on appeal or otherwise waived, for example because they were not raised in the [trial] court" unless the matter is "left open by the opinion and mandate" of the appellate court. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993); *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 259 (1895); *see Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1348–49 (Fed. Cir. 2001). If this case is to continue, therefore, live issues must exist that were raised before this court but not decided by the Federal Circuit or the Federal Circuit must otherwise have left the case open for further proceedings.

I.     <u>Plaintiffs did not plead an allegation that would survive the government's ADA defense before the appeal was initiated.</u>

The complaint forms the foundation of a case, including setting forth a plaintiff's legal claims and relief sought. The Federal Rules of Civil Procedure require that a complaint also includes factual allegations sufficient to establish the plausibility of plaintiff's legal claims. Without these elements, plaintiff fails to state a claim and its case must be dismissed. Here, plaintiffs concede that at no point did their complaint claim that the government violated the FLSA by refusing to pay employees during the shutdown when the agencies employing some plaintiffs maintained funding or because payments to plaintiffs were delayed after the shutdown had ended.

Nearly six months after plaintiffs had filed their case, defendant first asserted in a motion to dismiss that the ADA provided a defense to an FLSA claim for failure to pay employees during a lapse in appropriations. Def.'s Mot. to Transfer and Mot. to Dismiss. ECF No. 23. In response to that motion, plaintiffs did not allege that the agencies employing plaintiffs maintained funding, or that failure to pay under those circumstances constituted a violation of the FLSA.

Plaintiffs' motion for partial summary judgment likewise did not assert that their agencies maintained funding during the shutdown. The government's cross-motion for summary judgment again argued that the government could not be held liable under the FLSA because the ADA prevented the government from paying employees during a lapse in appropriations and sought entry of judgment against all plaintiffs on that basis. Although plaintiffs argued in response that the government could have avoided liability if Congress had "considered funding appropriations for excepted, non-exempt employees, just as it passed last minute legislation to pay military employees and the civilian and private employees who supported them," Pl.'s Reply Br. in Supp. of Pl.'s Mot. for Partial Summ. J. and Opp'n to Def.'s Cross-Mot. for Summ. J. 15, ECF No. 155, they did not allege that they worked for agencies that had funding during the shutdown.[4]

Plaintiffs, nevertheless, assert now that the government has waived the right to argue that the government has no FLSA liability to employees

---

[4] The ADA was amended in 2019 to explicitly require payment to excepted employees only after a shutdown has ended. Government Employee Fair Treatment Act of 2019, Pub. L. No. 116-1, § 2., 133 Stat. 3.

7

working at agencies that had funding during the shutdown. The government was put on notice that plaintiffs intended to raise this issue, they argue, when it consented to including employees of the DOD in the group of potential plaintiffs to be noticed about the lawsuit and reserved the right to argue against liability to those potential plaintiffs.

We reject plaintiffs' argument. A dispute over notice to potential plaintiffs that only references the fact that some DOD plaintiffs may opt into the suit did not put the government on notice that plaintiff intended to raise an entirely new claim related to those plaintiffs. Plaintiffs never claimed that the funding status of these DOD employees had any broader significance to the case, nor that it created a claim distinct from that of plaintiffs who worked at agencies lacking funding during the shutdown.

Nor do we agree with plaintiffs' related assertion that the government somehow waived the right to argue that it is not liable to these plaintiffs now because its motion to enter judgment is the first time that it presents a specific defense against this subset of plaintiffs. This turns the question of waiver on its head. The government has argued from the outset of this litigation that it was not liable to any of these plaintiffs—its motion for summary judgment asserted that the ADA shielded it from liability regarding *all* plaintiffs, including those working for the DOD. The government's current response to plaintiffs accounts for that fact—it correctly argues that it is the plaintiffs who may not make a new liability argument for the first time after appeal.

The Federal Circuit decided the only claim plaintiffs had raised by the time the appeal was initiated and the only issue present in the case at that time—whether the ADA was a defense to non-payment during the shutdown. The issue on appeal in this case was thus limited to "whether the government violates the Fair Labor Standards Act by not paying federal employees who work during a government shutdown until after the lapse in appropriations has been resolved." *Martin*, 54 F.4th at 1326. This was the only issue presented to the Federal Circuit on appeal because it was the only claim that plaintiffs ever made in this case. When the Federal Circuit rendered its decision by applying *Avalos*' reasoning absolving the government from FLSA liability, it was settling the only issue in the case. We have no choice but to enter judgment accordingly.

The fact that the proceedings in *Baca* and *Rowe* are continuing with respect to plaintiffs who worked at agencies with funding during the

8

shutdown is irrelevant. *Baca* and *Rowe* proceed because plaintiffs in those cases raised the issue in their complaints *before appeal*. That is not true here.

### II. We do not have discretion to ignore the Federal Circuit's mandate by allowing plaintiffs to amend their complaint now.

Plaintiffs finally argue that we should allow them to amend their complaint now to include the allegations necessary to support their case. Under RCFC 15(a)(1), a "party may amend its pleadings once as a matter of course" within 21 days after the service of that pleading or within 21 days after service of a responsive pleading or a motion under RCFC 12(b), (e), or (f). Beyond this time, a party may amend its pleadings with the consent of the opposing party or with the permission of the court. RCFC 15(a)(2).

We are clearly beyond the 21-day limit for amendments by right, and defendant does not consent to any amendments. At this point, however, we have no discretion to allow such an amendment. As defendant correctly argues, "the [mandate] rule forecloses litigation of issues decided by the [trial] court but foregone on appeal or otherwise waived, for example because they were not raised in the [trial] court." *Bell*, 5 F.3d at 66. The Federal Circuit considered and decided the only question put before this court: whether the government violates the FLSA when it does not pay employees during an appropriations lapse in compliance with the ADA. It decided that issue in the negative and remanded to us for entry of judgment for the government. We therefore have "no power or authority to deviate from the mandate issued by [the] appellate court." *Briggs*, 334 U.S. at 306.

## CONCLUSION

For the foregoing reasons, we direct the Clerk of Court to enter judgment for the government dismissing this case pursuant to the Federal Circuit's mandate.[5] We also deny all other outstanding motions for mootness. No costs.

> s/Eric G. Bruggink
> ERIC G. BRUGGINK
> Senior Judge

---

[5] The court will file separate orders addressing the entry of judgment in *Tarovisky v. United States*, No. 19-4 (Fed. Cl.), *Arnold v. United States*, No. 19-59 (Fed. Cl.), and *D.P. v. United States*, No. 19-54 (Fed. Cl.).

9